IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
                                   :
          v.                       : Case No. 3:08-cr-18-KRG-KAP
HENRY JAMES (DAYUMA) LOGAN,        :
          Defendant                :

Report and Recommendation

Recommendation

Defendant Logan's second *pro se* motion for sentence reduction, ECF no. 153, was referred to me under 28 U.S.C.§ 636(b)(3). I recommend that the motion be denied without appointment of counsel.

Report

Logan was indicted in May 2008 for distributing less than 500 grams of cocaine and possessing with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C.§ 841(a)(1) and (b)(1)(C). ECF no. 1. He entered a negotiated plea of guilty on December 2, 2009, ECF no. 94 (plea agreement), and was sentenced to 216 months imprisonment on April 7, 2009. ECF no. 105 (Judgment and Commitment Order). Logan's direct appeal was dismissed based on the appellate waiver in the plea agreement. ECF no. 113 (mandate in  United States v. Logan, No. 10-2106 (3d Cir. October 4, 2010)).

Logan filed a motion to vacate under 28 U.S.C.§ 2255 in 2012, ECF no. 120; it was referred to me and denied on my recommendation at ECF no. 121.  Logan's subsequent motion to vacate that dismissal under Rule 60 was referred to me and denied on my recommendation at ECF no. 130. Logan's motion for a certificate of appealability was denied. ECF no. 138 (order in lieu of mandate in United States v. Logan, No. 15-1820 (3d Cir. December 7, 2015)).

Logan filed a second motion to vacate under 28 U.S.C.§ 2255 in 2016, ECF no. 140, after the Supreme Court held the residual clause defining a crime of violence in the Armed Career Criminal Act, 18 U.S.C.§ 924(e)(2)(B), unconstitutionally vague in Johnson v. United States, 576 U.S. 591 (2015). The motion was withdrawn after the Court decided, in Beckles v. United States, 580 U.S. 256 (2017), that the parallel §4B1.2(a)(2) of the Sentencing Guidelines was not subject to the same void for vagueness due process challenge. ECF no. 143.

Logan filed his first motion for reduction of sentence in 2017, citing 18 U.S.C.§ 3582(c)(2), *see* ECF no. 146; it was referred to me and denied on my recommendation at ECF no. 150.

Logan's second motion for reduction of sentence was filed in December 2022, citing 18 U.S.C.§ 3582(c)(1)(A), *see* ECF no. 153; it also was referred to me. Logan raised two issues in his initial invocation of administrative remedies in August 2020: that there was an outbreak of Covid-19, and that his elderly mother needed him as a caregiver. He subsequently added in subsequent administrative requests that he is no longer a career offender under the ACCA and would if sentenced *de novo* be properly sentenced within a 24-30 month range. In its Response, the government agrees that Logan has exhausted his administrative remedies but opposes the motion on the merits. ECF no. 159 at 1.

Absent specific statutory authority a court may not modify a term of imprisonment once it has been imposed. *See* Dillon v. United States, 560 U.S. 817, 819 (2010) (*quoting* 18 U.S.C.§ 3582(c); *see also* United States v. Washington, 549 F.3d 905, 917 (3d Cir. 2008). Congress provided such statutory authorization in the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. As amended, Section 3582(c)(1)(A) states:

(1) in any case-

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a), to the extent that they are applicable, if it finds that-

(i)      extraordinary and compelling reasons warrant such a reduction; or

(ii)     the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The amendment allowed inmates to file motions but did not alter the substance of compassionate release law. Compassionate release is proper if the

sentencing court finds that sentence reduction is (1) warranted by extraordinary and compelling reasons; (2) consistent with applicable policy statements issued by the Sentencing Commission; and (3) is supported by the sentencing factors already prescribed by 18 U.S.C.§ 3553(a). *See* United States v. Andrews, 12 F.4th 255, 258 (3d Cir. 2021).

Congress delegated the authority to define "extraordinary and compelling reasons" to the United States Sentencing Commission, *see* 28 U.S.C.§ 994(t) (the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"), and the Sentencing Commission recognizes four categories of reasons: (1) the medical condition of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; and (4) "Other Reasons-[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." U.S.S.G. § 1B1.13 comment n.1. Courts are not bound by but may consult the Sentencing Guidelines and associated policy statements when considering a motion based on extraordinary and compelling reasons. United States v. Andrews, *supra*, 12 F.4th at 260.

Logan's generalized invocation of Covid-19 does not justify reduction of sentence under the "medical condition of the defendant" rubric. Even an acknowledged pandemic and unquestioned statistics about the harm it has done in the aggregate do not justify throwing out individual examination of the merits of such a claim. There should be some showing of a sufficiently serious medical condition or advanced age that makes the movant uniquely at risk of grave illness or death if infected, plus a non-speculative risk of exposure. *See* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020), United States v. Roeder, 807 Fed.Appx. 157, 161 n.16 (3d Cir. 2020). Logan makes no such showing: he would not be immune from exposure to Covid-19 if released and he does not plausibly show that his risk would be significantly reduced by being in the community.

Logan's professed desire to be his mother's caretaker does not justify reduction of sentence as a change in "family circumstances of the defendant." Imprisonment for any length of time disrupts familial relationships, as well as employment, schooling, and participation in civic life. One need not go as far as the Tenth Circuit in saying caring for aging parents is never an extraordinary and compelling reason, *see* United States v. Pepper, 851 Fed.Appx. 890, 891 (10th Cir. 2021), but as with Logan's previous argument there is a generalized claim of a need - in this case of a need for his presence because his mother has a pre-existing medical condition - without any showing why that need has not been met, is not currently being met, or cannot be met by other means while he is in prison. Logan also does not show that he has any special ability to care for his mother that would suggest that he is a compelling candidate for the role of caregiver.

Logan's final argument, that if he were sentenced today his guideline range would be lower, does not justify reduction of sentence. His argument is based on the incorrect factual premise that he is a career offender because of a simple assault conviction and a resisting arrest conviction. *See* Motion at 25 (Page 1 of the incorporated Motion for Appointment of Counsel). Logan's claim that if his assault convictions were disregarded he would not be considered a career offender is demonstrably wrong because the record otherwise shows Logan would still have had two prior convictions for felony controlled substances offense. ECF no. 71 (Information to establish prior convictions). Under U.S.S.G.§ 4B1.1(a), Logan's prior felony drug convictions make him a career offender. It is unnecessary to reach the government's additional arguments that in general motions under Section 3582 are not a substitute for an appeal and in particular that Logan does not deserve sentencing relief when the traditional sentencing factors are considered.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: February 14, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Henry James Logan, Reg. No. 11253-068
F.C.I. McDowell
P.O. Box 1009
Welch, WV 24801