IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.            ) | Crim. No. 3:18-80 |
| ) | Judge Nora Barry Fischer |
| HENRY JAMES LOGAN,     ) | Magistrate Judge Keith Pesto |
| ) | |
| Defendant.       ) | |

## **MEMORANDUM ORDER**

AND NOW, this 6th day of January, 2025, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith A. Pesto on February 14, 2023, (Docket No. 160), recommending that Defendant Henry James Logan's pro se Motion for Compassionate Release (Docket No. 153) be denied without the appointment of counsel, because he failed to establish extraordinary and compelling reasons for his release under § 3582(c)(1)(A) based on his generalized complaints about risks posed by COVID-19 and the protocols for same at FCI McDowell, where he was detained at the time, his claimed need to provide care for his elderly mother, as well as his position that he would no longer be a career offender if he were sentenced at this time, and his timely filed pro se Objections and corresponding motion for appointment of counsel which were filed as of March 31, 2023, after the Court granted him an extension, (Docket No. 164), this matter having been recently reassigned to the undersigned for prompt disposition of Defendant's Motion and the parties' Objections, and upon independent review of the record, including the supporting character letters, (Docket Nos. 156-158, 163), the Government's Response, (Docket No. 159), and the transcript of the sentencing proceedings, (Docket No. 111), and de novo consideration of the Magistrate Judge's Report and

1

Recommendation in light of the relevant standards governing motions for compassionate release, *see United States v. Andrews*, 12 F.4th 258 (3d Cir. 2021), *see also* 18 U.S.C. § 3582(c)(1)(A),

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 160) is ADOPTED as the opinion of this Court, in part, as supplemented herein.

IT IS FURTHER ORDERED that Defendant's Objections (Docket No. 164) are OVERRULED, as they are without merit and his Motion for Appointment of Counsel is DENIED, as moot, *see e.g.*, *United States v. Craft*, No. 22-3099, 2023 WL 1775664, at *2 (3d Cir. Feb. 6, 2023) (affirming denial of motion to appoint counsel where defendant failed to demonstrate extraordinary and compelling reasons for compassionate release) (further citation omitted).

IT IS FURTHER ORDERED that Defendant's Motion for Compassionate Release (Docket No. 153) is DENIED, as the Court declines to exercise its discretion to reduce his sentence of 216 months' incarceration. *See Andrews*, 12 F.4th at 262.

The Court notes that the Government concedes that Defendant exhausted administrative remedies concerning the issues raised in his initial motion and brief. (Docket No. 159). However, to the extent that Defendant claims in his later objections that he suffers from long-COVID and symptoms related to same, he did not provide any supporting medical records substantiating such claims and did not demonstrate that he exhausted administrative remedies as to these issues. (*See* Docket No. 164). It further appears to the Court that Defendant was subsequently transferred from FCI McDowell in Welch, West Virginia to FCI Schuylkill in Pennsylvania. Hence, any such arguments based on Defendant's own medical condition, including alleged long-COVID, must be denied, without prejudice, for failure to exhaust administrative remedies.[1] *United States v. Wysong*,

---

[1] The Court notes that the U.S. Court of Appeals for the Third Circuit has affirmed orders by District Courts denying motions for compassionate release to inmates who have been diagnosed with long-COVID and suffered from continuing effects of prior infections. *See e.g., United States v. Potts*, 2024 WL 1505489, at *2 (3d Cir. Apr. 8, 2024) (affirming denial of motion for compassionate release alleging extraordinary and compelling circumstances due to

No. CR 15-87, 2023 WL 5228789, at *4 (W.D. Pa. Aug. 15, 2023) (denying motions for compassionate release, without prejudice, regarding claims "seeking relief for conditions and medical treatment outside the scope of his RIS request [which were] not properly before this Court.").

The Court further concurs with the Magistrate Judge's assessment that Defendant has failed to demonstrate extraordinary and compelling reasons for release as to the remaining issues. First, numerous courts have recognized that an elderly family member's "[d]ifficulties with self-care […] do not amount to inability or incapacity" and are not enough to justify compassionate release. *United States v. Donald*, No. 21-CR-41-CFC, 2024 WL 4581209, at *5 (D. Del. Oct. 24, 2024) (citing *United States v. Doolittle*, 2020 WL 4188160, at *3 (D.N.J. July 21, 2020) and *United States v. Jones*, 2021 WL 1060218, at *10 (W.D. Pa. Mar. 18, 2021)). His generalized complaints about the potential risk of COVID-19 are likewise insufficient, particularly as he admits that he was vaccinated. *See e.g., United States v. Kirkland*, App. No. 21-2033, 2022 WL 819514, at *2 (3d Cir. Mar. 17, 2022) (affirming decision that defendant "had not shown that 'extraordinary and compelling reasons' warranted a reduction in his sentence because [his] receipt of two doses of the Pfizer-BioNTech COVID-19 vaccine mitigated the risks presented by his medical conditions and then-recent outbreaks at the prison."); *United States v. Jefferson*, App. No. 21-2020, 2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021) ("The District Court did not err by declining to grant relief because Jefferson [was fully vaccinated and] did not show that he is at a greater risk of infection or

---

medical conditions including, "the effects of long COVID, asthma, chronic kidney disease, acute kidney injury, hypertension, epilepsy, and a host of other medical conditions."); *United States v. Wiktorchik*, 2024 WL 1254173, at *2 (3d Cir. Mar. 25, 2024) (motion for compassionate release denied after Defendant had been hospitalized with covid and subsequently reinfected at least twice based on consideration of the § 3553(a) factors); *United States v. Scalea*, Appeal No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) ("while [the District Court] noted Scalea's 'long COVID' symptoms (which include ongoing fatigue, bad headaches, and brain fog), the Court reviewed his health records and determined that these symptoms were being adequately treated by medical professionals and thus could not justify compassionate release.").

that FCI Allenwood places him at a heightened risk. This is particularly true considering the high rates of vaccination among the inmate population and the staff at FCI-Allenwood."). Finally, Defendant's objections to the application of the career offender guideline are without merit because an alleged change in the sentencing law does not generally support a motion for compassionate release. *See e.g.*, *United States v. Handy*, No. 22-2837, 2023 WL 8643627, at *2 (3d Cir. Dec. 14, 2023) (citing *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023)). Defendant also focuses on his convictions for simple assault and resisting arrest which he claims no longer qualify as predicate offenses, but he was also previously convicted of multiple prior controlled substance offenses in state court such that he would qualify as a career offender if sentenced today. (*See* Docket No. 160; *see also* Docket No. 159).

With that said, even if Defendant had met his burden to show extraordinary and compelling reasons for release, the issues properly raised by Defendant do not outweigh the other § 3553(a) factors supporting the 216-month term of incarceration which was within the career offender guideline range of 210-262 months. *See Pawlowski*, 967 F.3d at 330. The Court has carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B). As Judge Gibson recounted at the initial sentencing hearing:

> With regard to [section 3553(a)(1)] the defendant is a career offender and he appears to have been involved with drugs for most of his adult life. The offenses for which he is being sentenced today are merely the latest in a very long string of criminal activity. Defendant has been convicted of criminal charges more than 15 times, and many of those convictions are drug related.

> [Section 3553(a)(2)], the defendant's offense involving over 13 grams of cocaine is serious. This is not his first drug offense but merely the latest in his chosen career as a drug dealer, which makes it even more serious. He has shown no respect for the law in the past, but at this point he will have no choice but to do so. People of the United States, through their elected representatives, have decided that they will not tolerate the scourge of drugs in their communities, and it is not just that someone such as the defendant who has flouted the will of the people for so long should be subject to a substantial period of incarceration and supervised release.
>
> The defendant has not been deterred in his criminal activities by the lesser sentences that he has received in the past from state courts. The sentence he has received today is a different matter and should deter both the defendant and those like him from further drug dealing in our communities. For the period of his incarceration and supervised release the defendant will not be able to engage in further drug dealing and the public will, therefore, be protected from the defendant's activities for many years to come.
>
> The Court hopes that the defendant will take advantage of the various educational and vocational training opportunities that will be available to him while in prison. His employment history is spotty at best, and he will need a source of legitimate income when he is eventually released from prison. The ensuing period of supervised release will allow the defendant to reintegrate himself into the community after his imprisonment and help him to return to lawful activities rather than illegal activities.

(Docket No. 111 at 34-36).

At this stage, Defendant is now 51 years old, has served a considerable portion of the sentence and has a projected release date of June 12, 2028. While he has completed a number of BOP programs, for which he should be commended, he has also been sanctioned for a series of different violations during his period of incarceration. (Docket No. 153-9). As such, there remains a need to deter Defendant from committing additional crimes because his prior interactions with the criminal justice system were insufficient to dissuade him from engaging in the instant offense.

*See* 18 U.S.C. § 3553(a)(2). Finally, the 216-month sentence provides general deterrence to others and also promotes respect for the law while the sentence reduction requested by the defense "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

      For all of these reasons, the Court finds that the 216-month sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case and declines to exercise its discretion to reduce Defendant's sentence at this time.

                                      *s/Nora Barry Fischer*
                                      Nora Barry Fischer
                                      Senior U.S. District Judge

Dated: January 6, 2025

cc/ecf: Magistrate Judge Keith A. Pesto

        All counsel of record

Cc:   Henry James Logan
       BOP Register No. 11253-068
       FCI Schuylkill
       Federal Correctional Institution
       P.O. Box 759
       Minersville, PA 17954
       (via first class mail)